O
JS-6

# United States District Court
# Central District of California

BYUNG CHAN UM,

        Plaintiff,

  v.

USDA FOOD & NUTRITION SERVICES,

        Defendant.

Case № 2:19-cv-10571-ODW (AFMx)

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS [8]**

## I.   INTRODUCTION & BACKGROUND

Plaintiff Byung Chan Um ("Plaintiff"), proceeding pro se, initiated this action in the Superior Court of California, County of Los Angeles, on October 2, 2019. (Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) Defendant USDA Food & Nutrition Serices removed the action to this Court on December 13, 2019, pursuant to 28 U.S.C. § 1442(a). (Notice of Removal, ECF No. 1.) The Complaint asserts a single cause of action that reads, in its entirety, "STOP THE WITHDRAWAL OF APPELLANT'S [sic] AUTHORIZATION TO PARTICIPATE AS A RETAILER IN SNAP." (Compl. 2.)

On April 10, 2020, Defendant moved to dismiss Plaintiff's Complaint ("Motion") and served Plaintiff with the Motion by United States mail at the address Plaintiff provided on the Complaint. (Mot. to Dismiss ("Mot."), ECF No. 8; Proof of Service, ECF No. 8-5; Compl. 1.) Defendant noticed the hearing on the Motion for fifty-two days later, on June 1, 2020. Thus, pursuant to Local Rule 7-9, Plaintiff's opposition was due no later than May 11, 2020. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). However, to date, Plaintiff has filed no opposition. For the reasons that follow, the Court **GRANTS** Defendant's Motion.[1]

## II.   PLAINTIFF'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Defendant moves to dismiss Plaintiff's Complaint. (*See* Mot.) Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the hearing on June 1, 2020, at 1:30 p.m.

*Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample time to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Defendant moved to dismiss Plaintiff's Complaint and set the hearing date on June 1, 2020, fifty-two days after filing, nearly twice the length of time required under the Local Rules. *See* C.D. Cal. L.R. 6-1 (requiring a motion to be filed twenty-eight days before the date set for the hearing). Defendant served the Motion on Plaintiff via United States mail on April 10, 2020. (*See* Proof of Service.) Thus, Plaintiff had notice of the Motion and ample opportunity to respond. However, Plaintiff has failed to oppose or otherwise respond. The record reflects that Plaintiff has not engaged in this matter since filing the Complaint in Superior Court on October 2, 2019, despite being notified in writing that Defendant removed the matter to federal court and moved to dismiss the case. (*See* Decl. of Matthew J. Barragan ¶¶ 2, 5, ECF No. 8-1; Proof of Service.) Plaintiff offers no excuse for failing to oppose, nor has Plaintiff sought an extension of time or any other relief. As such, the Court construes Plaintiff's failure to respond to Defendant's Motion as consent to the Court granting it. Pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendant's Motion. Defendant seeks dismissal with prejudice; however, in light of Plaintiff's pro se status, dismissal is without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 8) and **DISMISSES** Plaintiff's Complaint **without prejudice**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 20, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**